NO. 07-06-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 17, 2007
_____

ALBINO ROSENDO SOTO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 05-2280; HON. CARTER T. SCHILDKNECHT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Albino Rosendo Soto (appellant) appeals his conviction for assault-family violence. Via two issues, he contends that the evidence is legally and factually insufficient to support his conviction. We affirm.

**Background**

On February 22, 2005, appellant was living with Belinda Clifton, his girlfriend. They had been arguing most of the day and after serving him dinner the arguing became violent.

He threw "his plate" at her and then hit her. She began screaming, at which point appellant began "choking [her]." The victim further testified that after appellant struck her " . . . in the head, [she] . . . couldn't focus . . . [or] see" since all "was black." So too did she see "like starbursts in front of [her] eyes . . . [a]nd . . . told [appellant that she] couldn't see." Appellant also grabbed her head and "slamm[ed] . . . it . . . back and forth." Pictures were later introduced into evidence memorializing the bruises on the victim caused from the assault.

On cross, defense counsel pointed out inconsistencies between the statement Belinda gave the police and her testimony at trial. She further admitted to being on drugs for seven days prior to the assault and seeing people allegedly looking in the window.

### *Issues One and Two - Sufficiency of the Evidence*

The applicable standards of review appear in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Appearing of record is the testimony of Belinda not only identifying appellant as her boyfriend and the one who assaulted her but also describing the manner in which the assault occurred and its effects. It constituted some evidence upon which a rational trier of fact could find, beyond a reasonable doubt, that appellant intentionally and knowingly caused bodily injury to Belinda by hitting and choking her. TEX. PEN. CODE ANN. §22.01 (Vernon Supp. 2006) (defining the offense of assault).

As for appellant's attempt to discredit the victim by showing that she had been on drugs and illustrating inconsistencies between her testimony and statement, this

2

information was far from overwhelmingly unfavorable to the jury's verdict. Nor was the evidence of appellant's guilt weak; rather, ample existed if the jurors opted to believe it. And, it was for the jurors, as opposed to this court, to resolve doubts in testimony and select who to believe. *Margraves v. State,* 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating that the jurors have the obligation to resolve credibility disputes). Thus, we hold that the verdict has the support of both legally and factually sufficient evidence and overrule the issues.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.